----

(Superior Court of Cincinnati.)
Special Term.
EAGLE INSURANCE CO. v. BLYMYER et al.

Where want of consideration is pleaded in a suit on a promissory note, a motion will lie to require that the answer be made more definite and certain by a statement of the specific facts upon which the defense is based.

----

DEMPSEY, J.

The petition declares on a promissory note. The answer is that said note was given without any consideration whatever. Motion is made by plaintiff to require the answer to be made more definite and certain by a statement of the specific facts upon which the defense herein is based. The motion was exhaustively argued and briefed, and a vast number of authorities on both sides of the question presented.

The result of the authorities is well summarized in the 4th Ency. Pl. and Pr., 947 and 948, where the statement is made that "in some jurisdictions it will be sufficient to allege generally that the contract sued on was without consideration, while in others it is necessary to state the facts showing the want of consideration."

In Ohio we have had no direct adjudication of the supreme court upon the question. At common law the defense of a want of consideration, total or partial, was available to the defendant under the general issue. As a consequence much uncertainty always arose as to the real nature of the defense, and a plaintiff was apt to be taken by surprise by the claims put forward by a defendant to escape liability. This confusion and uncertainty with regard to issues and defenses was among the evils which led to the adoption of the reformed and codified pleading.

The rules of certainty and precision of allegation, provided by the code, are these: 1. The precise nature of the charge or defense must be apparent from the allegations of the pleading. 2. When the allegations are so indefinite and uncertain that *the precise nature* of the charge or defense is not apparent, it is bad in form. Swan's Pleading and Precedents (under the code), 164-165. And the rule is further laid down, at page 171, that every pleading under the code must be so framed as to fulfill the object of the pleading which is to place before the adverse party the nature of the charge with reasonable precision, particularity and certainty, so that he may know what is the *real* cause of action or defense.

Now, does the plea, generally, of a want of

consideration comply with this rule? A promissory note of itself imports a consideration, so that in an action thereon it is not incumbent upon the plaintiff to plead either the existence or nature of the consideration, and, consequent upon the proof, the paper itself stands as evidence, *prima facie*, of a consideration, and it lies upon the defense to destroy this presumption arising from the paper. As was said by Lord Abinger, in Stoughton v. Kilmory, 2 Cr. M. & R., 72, a case decided under the reformed rules of pleading, known as the Hilary rules, 4 Wm., 4, and in which the plea was "no consideration" generally, "a variety of circumstances might defeat the consideration; they ought, therefore, to be stated in order that the plaintiff may know what he is to meet." The same doctrine was held in Easton v. Pratchett, 1 Cr. M. & R., in which case, at page 807, the Lord Justice says that the object of the Hilary rules was "to give the plaintiff due notice of the real defense which is to be set up," and that this "would manifestly fail, if such a general plea as the one in question" (no consideration) "could be sustained; because the plaintiff would be left in the same state of uncertainty in which he formerly was before these rules of pleading were introduced."

How much more applicable is the reason of this argument to the code whose main object was to attain certainty and preciseness of issue? While we have no decisions of any of our higher courts which reach squarely to the point, yet we have expressions of opinion which in a great measure indicate the trend of the judicial mind.

Thus, in McClain v. Christman, 2 W. L. M., 417, decided in 1860 by the Madison county district court, it was held specifically, on a demurrer to a defense of "no consideration," that the demurrer was not well taken; that said answer was liable to the objection of uncertainty and indefiniteness;" and that had a motion been made under the code to make more definite and certain, *it would have been the duty of the court to have sustained it.*

Then came the case of Chamberlain v. R. R. Co., 15 O. S., 225, decided in 1865, in which the court, by way of dictum, at page 250, says: "But in this case the defendant has set up as his second defense, in general terms that the note was wholly without consideration and void. *This the plaintiff might have required to be made more definite and certain* by a statement of the facts upon which the defense was based; but he waived this right and joined issue."

The dictum in the 15 O. S. case was assumed to be good law as late as 1878 by Judge Hamilton, of the Cuyahoga county common pleas, in the case of Derby v. Corlett, 1 Cleve. Rep., 210, although that case did not call for an application of the rule. And so, also, the circuit court of Licking county, in Clark v. Clark, decided in 1898 and reported in 16 C. C. R., 103, quote approvingly the language of the 15 O. S. case, although that did not call for an application directly of the rule. This dictum is also quoted approvingly in Corrigan v. Rockefeller, reported in 1898 in 5 N. P.,337, and decided by Judge Neff, of Cleveland, although this case itself was not on a note.

These various decisions are rather convincing evidence of what the courts of Ohio think upon this question, and as their conclusions are in harmony with the objects of the code, and in promotion of the ends to be accomplished, I am constrained to adopt these views, whatever my opinion might have been had the question been *res integra.*

The motion of plaintiff will be granted.

Judge Sayler and W. C. Pierce, for plaintiffs.

C. B. Wilby and C. E. Tenney for defendants.